UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAPHAEL S. TRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-00912 (JDB) |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO DISMISS OR, IN THE
<u>ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Defendant, the United States Parole Commission, moves to dismiss this case under Fed.

R. Civ. P. 12(b)(1) and (b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P.

56. As grounds for this motion, defendant asserts that there are no genuine issues of material

fact in dispute and that it is entitled to judgment as a matter of law. A memorandum of points

and authorities, a statement of genuine issues of material fact not in dispute, and a proposed

order granting the relief sought are attached hereto.

Plaintiff should take notice that any factual assertions contained in the attachments in

support of defendant's motion will be accepted by the Court as true unless plaintiff submits his

own declarations or other documentary evidence contradicting the assertions in the defendant's

attachments. <u>See</u> <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and

Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith. The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits. When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial. If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
            /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL S. TRICE,                     )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civ. No. 07-00912 (JDB)
                                      )
U.S. PAROLE COMMISSION,               )
                                      )
            Defendant.                )

DEFENDANTS' STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Defendant respectfully submits, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried:

1. Plaintiff, Raphael S. Trice, was sentenced by the District of Columbia Superior Court on November 22, 1993, to a 15 year term of imprisonment for assault with intent to rob while armed and possession of a firearm during a crime of violence. Exhibit 1, sentence monitoring computation data, attached to defendant's memorandum in support of its motion to dismiss or, in the alternative, for summary judgment.

2. The Parole Commission paroled him from this sentence on July 12, 2000, to remain under supervision until November 13, 2007. Exhibit 2, certificate of parole.

3. In September 2004, the Parole Commission was informed that plaintiff had been arrested on September 2, 2004, and charged with assault with a dangerous weapon (gun). Exhibit 3, report of alleged violations with appended arrest report.

4. In response to this information, the Parole Commission issued a parole violation warrant on September 15, 2004, charging plaintiff with violating the conditions of parole by committing new criminal conduct: assault with a dangerous weapon and felon in possession of a firearm. Exhibit 4, warrant application.

5. Plaintiff was arrested on the warrant on October 12, 2004, and received a probable cause hearing on October 15, 2004. Exhibit 5, probable cause hearing digest.

6. On December 7, 2004, the Parole Commission supplemented its warrant with the

information that plaintiff had been convicted of assault with a dangerous weapon (gun) on October 26, 2004, and added an additional charge of assault with intent to commit serious bodily injury for another incident involving the same victim that had occurred later the same day. Exhibit 5, supplement to warrant application.

7.  On March 2, 2005, the Parole Commission conducted a local revocation hearing for plaintiff, at which he had counsel and at which the victim of the assaults appeared as an adverse witness.  Exhibit 6, hearing summary, which has been redacted to withhold the address of the victim and her first name).

8.  At that hearing, plaintiff admitted the charge of assault with a dangerous weapon (gun), but proffered a version of the offense in which he had merely lifted his shirt to display the handle of the gun tucked in his waistband and had not pointed the gun at anyone .  Exhibit 6, p. 2.

9.  The victim testified that plaintiff had not only pointed the gun, but had actually fired it, left the scene, then returned later and again discharged the gun.  The hearing examiner found the victim's version of events more credible.  Id..

10.  The Parole Commission ordered plaintiff's parole revoked, that he receive no credit for time spent on parole, and that he serve to the expiration of his sentence (about 60 months), a date below his guideline range of 64-92 months.  Exhibit 7, notice of action.

11.  On administrative appeal, the National Appeals Board affirmed in part, but remanded for reconsideration of the release date.  Exhibit 8, notice of action on appeal.

12.  This was ordered because, at the time of the revocation hearing, the Parole Commission believed that plaintiff would be released at expiration on September 1, 2009, and in fact the order would require him to serve until March 9, 2010.  Exhibit 9, hearing summary, p. 1.

13.  Subsequent to this hearing, the Commission ordered that plaintiff serve to the expiration of his sentence.  Exhibit 10, notice of action.

14.  This decision was affirmed on administrative appeal.  Exhibit 11, notice of action on

2

appeal.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
        /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAPHAEL S. TRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-00912 (JDB) |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, a District of Columbia prisoner who is confined at a federal prison, is seeking to recover damages under the Privacy Act from the U.S. Parole Commission. It appears that his claim for damages is based on his belief that an error in his presentence investigation ("PSI") report resulted in the Parole Commission giving him a longer sentence than he would have received had the PSI been accurate. For a variety of reasons, as explained below, the complaint fails to state a claim upon which relief can be granted. It should be dismissed.

Background

The plaintiff, Raphael S. Trice, was sentenced by the District of Columbia Superior Court on November 22, 1993, to a 15 year term of imprisonment for assault with intent to rob while armed and possession of a firearm during a crime of violence. (Exhibit 1, sentence monitoring computation data.) The U.S. Parole Commission[1] paroled him from this sentence on July 12, 2000, to remain under supervision until November 13, 2007. (Exhibit 2, certificate of parole.)

In September 2004, the Parole Commission was informed that plaintiff had been arrested on alleged violations with an appended arrest report. In response to this information, the Parole Commission issued a parole violation warrant on September 15, 2004, charging plaintiff with violating the conditions of parole by committing new criminal conduct: assault with a dangerous

---

[1] Plaintiff is within the jurisdiction of the U.S. Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-131 (formerly 24-1231).

weapon and felon in possession of a firearm.  (Exhibit 4, warrant application.)  Plaintiff was arrested on the warrant on October 12, 2004, and received a probable cause hearing on October 15, 2004.  (Exhibit 5, probable cause hearing digest.)

On December 7, 2004, the Parole Commission supplemented its warrant with the information that plaintiff had been convicted of assault with a dangerous weapon (gun) on October 26, 2004, and added an additional charge of assault with intent to commit serious bodily injury for another incident involving the same victim that had occurred later the same day. (Exhibit 5, supplement to warrant application.)

On March 2, 2005, the Parole Commission conducted a local revocation hearing for plaintiff, at which he had counsel, and at which the victim of the assaults appeared as an adverse witness.  (Exhibit 6, hearing summary[2].) At that hearing, plaintiff admitted the charge of assault with a dangerous weapon (gun), but proffered a version of the offense in which he had merely lifted his shirt to display the handle of the gun tucked in his waistband and had not pointed the gun at anyone .  Exhibit 6, p. 2.  The victim testified that plaintiff had not only pointed the gun, but had actually fired it, left the scene, then returned later and again discharged the gun.  The hearing examiner found the victim's version of events more credible.

The Parole Commission ordered plaintiff's parole revoked, that he receive no credit for time spent on parole, and that he serve to the expiration of his sentence (about 60 months), a date below his guideline range of 64-92 months.  (Exhibit 7, notice of action.)  On administrative appeal, the National Appeals Board affirmed in part, but remanded for reconsideration of the release date.  (Exhibit 8, notice of action on appeal.) This was ordered because, at the time of the revocation hearing, the Parole Commission believed that plaintiff would be released at expiration on September 1, 2009, and in fact the order would require him to serve until March 9, 2010.

---

[2]  Defendant is submitting a redacted copy of the hearing summary; the information redacted is the first name and address of the victim.  Additionally, other redactions are being made in the exhibits to defendant's motion to comply with the directive from the Judicial Conference, e.g., redaction of month and day of birth and redaction of the first five digits of a social security number.

2

(Exhibit 9, hearing summary, p. 1.)  Subsequent to this hearing, the Parole Commission ordered that plaintiff serve to the expiration of his sentence.  (Exhibit 10, notice of action.)  This decision was affirmed on administrative appeal.  (Exhibit 11, notice of action on appeal.)

Since plaintiff is seeking damages against the Parole Commission, these damages must be based on a belief that, if the Parole Commission had relied on accurate information, the duration of his sentence on his parole revocation would have been less than the Parole Commission ordered, otherwise he would not have sustained any damages from the error in the PSI report and the actions taken by the Parole Commission.[3]

<u>Argument</u>

<u>Plaintiff's claims under the Privacy Act against the Parole Commission should be dismissed.</u>

    A.    Plaintiff should present his claim in a petition for a writ of habeas corpus, rather than under the Privacy Act.

Plaintiff is currently confined at Rivers Correctional Institution in North Carolina.  He brings this Privacy Act damages suit in lieu of pursuing the usual avenue to gain judicial review of a decision concerning the duration of his confinement: a habeas corpus petition under 28 U.S.C. §2241.  Such a petition would, of course, have to be brought where plaintiff is confined.  <u>Guerra v. Meese</u>, 786 F.2d 414, 416 (D.C. Cir. 1986).

Our Court of Appeals has held that a state prisoner's claim for money damages under 42 U.S.C. § 1983 must first be brought in habeas when, "if successful, it would 'necessarily imply,' or automatically result in a speedier release from prison."  <u>Anyanwutaku v. Moore</u>, 151 F.3d 1053, 1056 (D.C. Cir. 1998), <u>accord</u>, <u>Wilkinson v. Dotson</u>, ___ U.S. ___, 125 S. Ct. 1242, 1248 (2005) (habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"); <u>cf.</u> <u>Razzoli v. Federal Bureau of Prisons</u>, 230 F.3d

---

[3] Plaintiff filed a previous case, <u>Trice v. Court Services & Offender Supervision Agency and U.S. Parole Commission</u>, 06-01889, that was based on the same facts as this case.  The earlier case was dismissed, prior to service upon the defendants, because a PSI prepared by CSOSA was not subject to amendment under the Privacy Act.  In the Court's order dismissing the earlier case, there is no mention of the Parole Commission.  Consequently, we do not argue that the dismissal of the earlier case is <u>res judicata</u> as to the instant case.

371, 373 (D.C. Cir. 2000) (for federal prisoner "habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody").  Since plaintiff is a District of Columbia prisoner in federal custody, these cases are determinative of plaintiff's case.

The Court of Appeals' decision in Anyanwutaku followed Heck v. Humphrey, 512 U.S. 477 (1994).  In that case, the Supreme Court ruled that a state prisoner's Section 1983 damages action had to be brought in habeas because, "[a]lthough [the prisoner] requested neither release from prison nor injunctive relief, [his claim] amounted to a collateral attack on his conviction, since in order to prevail he had to 'prove the unlawfulness of his conviction or confinement.'" Anyanwutaku, 151 F.3d at 1056 (quoting Heck, 512 U.S. at 486).

The rationale of Heck has been applied in a variety of contexts, including a federal prisoner's claim for damages under the Privacy Act.  See White v. U.S. Probation Office, 148 F.3d 1124, 1125-26 (D.C. Cir. 1998) (per curiam).  Indeed, our Court of Appeals stated that

> A plaintiff who seeks to recover damages for allegedly unconstitutional confinement (or *any other harm caused by actions the unlawfulness of which would render his sentence invalid*) must prove that the sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Id. at 1126 (emphasis supplied) (quoting Heck, 512 U.S. at 486-87).

The instant case is clearly governed by Heck and Anyanwutaku because success on plaintiff's Privacy Act claim would necessarily demonstrate the invalidity of the duration of plaintiff's confinement imposed by the Parole Commission in its action revoking plaintiff's parole.  Since plaintiff's real challenge in this case is to the Parole Commission's decision regarding the duration of his confinement after the revocation of his parole, it follows that he cannot proceed with his Privacy Act claim until he has received a favorable decision in a habeas petition finding that the calculation of the time he would serve upon revocation of his parole status was incorrect.  There is no allegation in the complaint that he has received such a decision, and the complaint should be dismissed without prejudice, since it is premature.

4

      B.     The Parole Commission has complied with 5 U.S.C. §552a(e)(5) by providing plaintiff with parole hearings, i.e., a fair opportunity to present his contentions about the documents in his file.

Plaintiff requests monetary relief based on the Parole Commission's alleged violation of the Privacy Act resulting in an adverse determination being made in his case, i.e., a decision relating to the duration of his sentence after revocation of his parole. Section 552a(e)(5) of the Privacy Act requires that an agency maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and complete-ness as is reasonably necessary to assure fairness to the individual in the determination. The Privacy Act provides civil remedies at 5 U.S.C. §552a(g) for violations of §552a(e)(5) of the Act. Section (g)(1)(C) provides that an individual may bring a civil action against an agency which "fails to maintain any record concerning an individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness. . . ." Section (g)(4) provides for civil remedies if the plaintiff can show that the agency willfully or intentionally failed to main-tain a record that resulted in an adverse determination.

Defendant does not dispute that it has an obligation to maintain accurate records. Our Court of Appeals has held that under §552a(e)(5), "as long as the information contained in agency's files is capable of being verified, then. . . the agency must take reasonable steps to maintain the accuracy of the information to ensure fairness to the individual." Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). The record shows that the Parole Commission has fulfilled its obligation in this case by conducting hearings in plaintiff's case. In Buxton v. United States Parole Commission, 844 F. Supp. 642 (D. Ore. 1994), the court held that the "fairness" requirement of Section (e)(5) of the Privacy Act does not require the Commission to "investigate" a disputed PSI report, but only to review the information that has been furnished by other government agencies, the courts, and the prisoner, and to conduct a parole hearing. See 18 U.S.C. § 4207 (regarding information to consider in making parole decisions). The Buxton court held that the Parole Commission is an adjudicatory agency that achieves "fairness" by holding a

parole hearing with an opportunity for the prisoner to refute allegations in the record that he disputes. This opportunity was afforded to plaintiff: see defendant's statement of material facts as to which there is no genuine issue.

Sellers does not, moreover, require a de novo court review of the underlying issues of fact, only limited review to determine if the agency followed procedures that were not "willfully and intentionally" unfair. See Sellers, 959 F.2d at 312, citing White v. Office of Personnel Management, 787 F.2d 660 (D.C. Cir. 1986). Moreover, Sellers recognizes that a "reasonable step" is a hearing with "an opportunity to refute the charges." Sellers, supra 959 F.2d at 312.

By complying with the statutes governing the parole hearing process, 18 U.S.C. § 4206 through § 4215, the Parole Commission has provided plaintiff with the fairness required by the Privacy Act. Congress clearly intended to set the definitive standards for achieving "fairness" in Parole Commission determinations when it enacted the Parole Commission and Reorganization Act of 1976. A parole hearing is an eligible federal prisoner's prescribed statutory means to "ensure fair consideration of all relevant material including that offered by the prisoner." See House Conference Report No. 94-838, Joint Explanatory Statement of the Committee of Conference at page 21, reprinted in 1976 U.S.Code Cong. & Ad. News at 353 (1976). The inmate is given advance opportunity to review the parole violation charges and the evidence supporting the charges. Morrissey v. Brewer, 408 U.S. 471 ( 1972); 18 U.S.C. §4214(a)(2)(D), and the opportunity to challenge the information contained therein at the hearing, 18 U.S.C. §4214(a)(2)(C). By conducting its parole hearings according to the procedures mandated by Congress at 18 U.S.C. § 4214, the Parole Commission automatically complies with §552a(e)(5) of the Privacy Act. See Buxton, 844 F.Supp. at 644. Therefore, the section 552a(e)(5) "fairness" standard was satisfied.

In this case, plaintiff received a parole revocation hearing and a special reconsideration hearing. Additionally, plaintiff had an opportunity to appeal the Commission's decision to the Commission's National Appeals Board. Therefore, plaintiff's claim under the Privacy Act should

be dismissed under Fed. R. Civ. P. 56 for failure to state a claim upon which relief.

        C.      The Parole Commission is exempt from the record-amendment requirements of Section (d) of the Privacy Act.

The Parole Commission is a law enforcement agency and is exempt from the record-amendment requirements of the Privacy Act, 5 U.S.C. §552a(d)(2).  <u>See Fendler v. United States Parole Commission</u>, 774 F.2d 775, 979 (9th Cir.1985).  It therefore has no duty to investigate (independently of the parole hearing process) the accuracy of information in a PSI report, in prison institutional records, or parole summaries of those records.  See <u>Buxton v. U.S. Parole Commission</u>, 844 F. Supp. 642, 644 (D. Ore. 1994)("the USPC [is] exempt from the record-amendment requirements of 5 U.S.C. 552a(d), which requires agencies to investigate claimed inaccuracies in government records").  Plaintiff's prior criminal history is contained in his PSI report.  Records such as the PSI report, maintained by an agency such as the U.S. Parole Commission, can be exempted from certain provisions of the Privacy Act.  Section 552a(j)(2) of 5 U.S.C. permits the Department of Justice to promulgate such an exemption for records

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws ... and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists ... (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).  PSI reports clearly fall within this exemption.  The Justice Department has exempted the Parole Commission from the record-amendment requirements of the Privacy Act, 5 U.S.C. §552a(d).  <u>See</u> 28 C.F.R. §16.85(a)(2).

The Parole Commission has a prescribed statutory proceeding for achieving fairness and accuracy in record-based parole determinations, as mandated by 5 U.S.C. §552a(e)(5).  The proceeding for plaintiff was his parole-revocation hearing, reconsideration hearing, and administrative appeals, and those proceedings were the exclusive forum, outside of the habeas remedy, for presenting challenges to the factual accuracy of any information submitted to the Parole Commission.  Therefore, to the extent plaintiff claims that the Commission was required

to amend its records, his claim is meritless and should be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the complaint should be dismissed without prejudice.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
                    /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL S. TRICE,                          )
                                           )
              Plaintiff,                    )
                                           )
       v.                                   )   Civ. No. 07-00912 (JDB)
                                           )
U.S. PAROLE COMMISSION,                    )
                                           )
              Defendant.                    )

<u>Order</u>

       Upon consideration of the defendants' motion to dismiss or, in the alternative, for

summary judgment, and the record in this case, it is hereby

       ORDERED that this case is dismissed without prejudice.  This is a final, appealable

order.

                               UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff and counsel for defendants.

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion to dismiss or, in the alternative, for summary judgment to be served by first-class mail, postage prepaid, this 30th day of July, 2007, on:

>Mr. Raphael S. Trice
>No. 041777-000
>Rivers Correctional Institution
>P.O. Box 630
>Winton, N.C. 27986

>                    /s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201

<u>CERTIFICATE</u>

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States

Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the

attached documents are true copies of documents contained in the parole file of **Rafael Trice,**

Register Number **04177-000,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 11th day of July, 2007, and have affixed the

seal of the United States Parole Commission.

Sharon Gervasoni
Assistant General Counsel
U.S. Parole Commission



```
5H     PAR3D  540*23 *              SENTENCE MONITORING              *    06-20-2007
   PAGE 001        *               COMPUTATION DATA            *         11:10:42
                                   AS OF 06-20-2007
```

REGNO..: 04177-000 NAME: TRICE, RAPHAEL S

```
FBI NO..........: 512952XA7            DATE OF BIRTH:        1975
ARS1............: RIV/A-DES
UNIT............: C                    QUARTERS.....: C01-119U
DETAINERS.......: NO                   NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 07-23-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 01-23-2012 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F11764-92B,C
JUDGE...........................: KESSLER
DATE SENTENCED/PROBATION IMPOSED: 11-22-1993
DATE WARRANT ISSUED.............: 09-15-2004
DATE WARRANT EXECUTED...........: 10-12-2004
DATE COMMITTED..................: 04-04-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...: PROPERTY: NO SERVICES: NO     AMOUNT: $00.00

---------------------CURRENT OBLIGATION NO: 010 ---------------------
```
OFFENSE CODE....: 602
OFF/CHG: 22-501,3202, ASSAULT W/I TO ROB WHILE ARMED & POSS OF
         A FIREARM DURING A CRIME OF VIOLENCE

SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS
NEW SENTENCE IMPOSED...........:  2679 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 11-08-1992
```

G0002      MORE PAGES TO FOLLOW . . .

EXHIBIT
1

EXHIBIT

```
5H      PAR3D   540*23 *            SENTENCE MONITORING           *     06-20-2007
PAGE 002            *              COMPUTATION DATA          *      11:10:42
                                  AS OF 06-20-2007
```

REGNO..: 04177-000 NAME: TRICE, RAPHAEL S

· · · · · · · · · · · · · · · · · · · · · ·CURRENT COMPUTATION NO: 020 · · · · · · · · · · · · · · · · · · · · · · · ·

COMPUTATION 020 WAS LAST UPDATED ON 12-11-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-11-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

```
DATE COMPUTATION BEGAN..........: 10-12-2004
TOTAL TERM IN EFFECT............: 2679 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS      4 MONTHS
EARLIEST DATE OF OFFENSE........: 11-08-1992

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 704
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 03-09-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 02-11-2012

NEXT PAROLE HEARING DATE........: 08-02-2007
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 12-29-2009
PROJECTED SATISFACTION METHOD...: MAND PAR
```

REMARKS.......: FUTURE COMPUTATION FOLLOWS, ANY CHANGES TO THIS COMP WILL
               AFFECT THE 030.
               COMP CERTIFIED BY DCRC ON 5/2/05.

G0002       MORE PAGES TO FOLLOW . . .

```
5H     PAR3D   540*23 *              SENTENCE MONITORING         *     06-20-2007
PAGE 003         *                  COMPUTATION DATA         *    11:10:42
                                    AS OF 06-20-2007

REGNO..: 04177-000 NAME: TRICE, RAPHAEL S


FBI NO...........: 512952XA7        DATE OF BIRTH:████1975
ARS1.............: RIV/A-DES
UNIT.............: C                QUARTERS.....: C01-119U
DETAINERS........: NO               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 07-23-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  01-23-2012 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F5570-04
JUDGE...........................: FISHER
DATE SENTENCED/PROBATION IMPOSED: 03-03-2005
DATE COMMITTED..................: 04-04-2005
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES            COSTS
NON-COMMITTED.: $00.00         $00.00          $00.00           $100.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....:  602
OFF/CHG: 22-402, ASSAULT WITH A DANGEROUS WEAPON

SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   30 MONTHS
TERM OF SUPERVISION............:    5 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: CS TO 020
DATE OF OFFENSE................: 08-30-2004




G0002       MORE PAGES TO FOLLOW . . .
```

```
5H      PAR3D  540*23 *           SENTENCE MONITORING        *    06-20-2007
PAGE 004           *             COMPUTATION DATA         *    11:10:42
                                 AS OF 06-20-2007
```

REGNO..: 04177-000 NAME: TRICE, RAPHAEL S

-----------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-11-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 12-11-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

```
DATE COMPUTATION BEGAN..........: 12-29-2009
TOTAL TERM IN EFFECT............:    30 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS      6 MONTHS
EARLIEST DATE OF OFFENSE........: 08-30-2004

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    09-02-2004    10-11-2004

TOTAL PRIOR CREDIT TIME.........: 40
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 117
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 01-23-2012
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 05-19-2012


PROJECTED SATISFACTION DATE.....: 01-23-2012
PROJECTED SATISFACTION METHOD...: GCT REL
```

                    COMP CERTIFIED BY DCRC ON 5/2/05.

G0002       MORE PAGES TO FOLLOW . . .

06/21/00 22:47:13    ".S PAROLE->    2026788161    R:-'-+FAX    Page 002

# U.S. Department of Justice
## United States Parole Commission

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that TRICE, Raphael, REG No. 04177-000, (DCDC No. 257-399), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on July 13, 2000, and that said prisoner is to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) to and including November 13, 2007.

Given under the hands and the seal of the United States Parole Commission on June 21, 2000.

UNITED STATES PAROLE COMMISSION

*Mary Jo Williams*

By: Mary Jo Williams, Case Analyst

Docket/Case Number: F-11764-92B&C
Initial Risk Category: SPS 8
Acknowledgement of Release Conditions:
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

Consent to the Disclosure of Drug/Alcohol Treatment Information:
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

*Raphael Trice*    #257-399    #04177-000
　　　　　Name　　　　　　　　　　DCDC No.

Witnessed _____, Administrative Assistant    7/13/00
　　　　　　Name and Title　　　　　　　　　　　　　　　　　　Date

The above-named person was released on the _13_ day of _July_, 19__ 2000 with a total of _2679_ days remaining to be served.

Official Certifying Release

BOP-Hope Village CCC    Page 1 of 4    TRICE.417    EXHIBIT 2

EXHIBIT
2

06/21/00 22:48:37        ~ S PAROLE->        2026700161 R~ ~FAX        Page 003

This CERTIFICATE will become effective on the day of release indicated above. If the release fails to comply with any of the conditions listed on the attached page, the release may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole *(300 Indiana Avenue, NW, Suite 2134, Washington, DC 20001.)*

2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly, unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit confiscation by your Supervision Officer of any materials which your Supervision Officer believes may constitute contraband in your possession and which your Supervision Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been or may be imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests, as may be required by the Board of Parole or the Supervision Officer.

14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.

15. The U.S. Parole Commission may add to, modify, or delete any condition of parole at any time prior to the release of the offender. Following delivery of the parole or mandatory release certificate, such jurisdiction is vested in the Board of Parole of the District of Columbia until that jurisdiction is transferred to the U.S. Parole Commission on or before August 5, 2000.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. § 4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

with release through a Community Corrections Center recommended prior to the parole date.

You shall be subject to a low level of supervision following your release to the community.

BOP-Hope  Village  CCC          Page  2 of 4          TRICE.417

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.





# Court Services and Offender Supervision Agency
## for the District of Columbia

*Community Supervision Services*
*Branch IIB, General Supervision*

**Alleged Violation(s) Report**

September 3, 2004

**TO:**    The United States Parole Commission
Casey Skvorc
5550 Friendship Boulevard
Chevy Chase, MD  20815-7286

| | | | |
|---|---|---|---|
| **FROM:** | Liasia Fenwick | **Unit:** | General Supervision XIII - Team 47 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7642 |
| **Please send all inquiries to:** | 3850 S. Capitol Street, SE Washington, DC 20032-1418 | **Fax:** | (202) 585-7675 |
| | | **Email:** | liasia.fenwick@csosa.gov |

**SUBJECT:**    Non-Compliance with Parole
**DOCKET:**    F1167492BC

**Offender:**    RAPHAEL S TRICE
**FEDREG #:**    04177-000
**FBI #:**    512952XA7
**DCDC #:**    257-399
**PDID #:**    255-066
**Action Recommended:** Warrant

## SENTENCING INFORMATION

Offender Trice was released to supervision on 7/13/00.  He was sentenced in case F11764-92 BC for Assault with Intent to Rob While Armed and Possession of a Firearm During A Crime of Violence. Offender Trice has a special drug/alcohol aftercare.  His full term date is 11/13/07.

## ALLEGED VIOLATION(S)

**Allegation #1: Failed To Obey All Laws** Offender Trice failed to obey all laws during an 9/3/04 during arrest for Assault With A Dangerous Weapon-Gun.  This is in violation of parole condition #5 as evidenced by WALES and SMART running record.



EXHIBIT
3

EXHIBIT
3

Court Services and Offender Supervision Agency                                                    Page 2

**Name: Trice, Raphael**
**PDID#: 255-066**
**RE: RAV**

CASE SUMMARY

Offender Trice's address is 1617 17th St., SE #303 Washington, DC 20020.  This was last verified on 8/18/04.  Offender is currently unemployed.  Offender Trice's adjustment has been satisfactory and he has not tested positive for any illegal drugs since being placed on supervision.

On 9/3/04, this CSO received a call from Pre-Trail Services stating that offender Trice was rearrested for Assault With A Deadly Weapon-Gun on 9/3/04.  A WALES check was completed and revealed that DC Superior Court issued a warrant on 9/1/04 and the warrant was served on 9/3/04.  At this point, the case has not been papered so a case number has not been assigned.  The case number and police report will be forwarded once received.

RECOMMENDATION

This Community Supervision Officer respectfully requests a warrant.

**Respectfully submitted,**

_____            _____
Liasia Fenwick                                                          Date  Sept. 3, 2004
Community Supervision Officer
Telephone Number: (202) 585-7642

**Approved by:**

_____            _____
Joseph Alston                                                          Date  9/3/04
Supervising Community Supervision Officer
Telephone Number: (202) 585-7641


cc: File

ID RECORD(S) FOUND
TO GENERATE NCIC INQUIRY, PAGE TO DESIRED ID RECORD AND PRESS THE ENTER KEY
*****************************************    P/

  TRICE, RAPHAEL SYLVESTER          DOB= ████/75  BLACK    MALE   5'11"  150 LBS
                                    EYES= BRO  HAIR= BRO  SKIN= MED
                                    ADDR= 40 CHESAPEAKE ST SE #304          POB=DC
AKA= NICKNAME, POOH
SOC'S= █████4657
PDID#= 455066
ID COMMENTS= ADULT DISP F#11764-92-212 K ST SE


CLEARED WARRANT              IND= 09/11/04  INT= 16:21
CW   DC001021J WARRANT NUMBER= USW97504     WARRANT DATE= 09/01/04 CCN= 120710
OFF= 1399 ASSLT-ADW A GUN                           TYPE=FELONY
WARRANT HELD BY  DC SUPERIOR CT 879-1377     WILL EXTRADITE
       PHILLIP MOORE D1 30
       DISPOSITION= CLEARED
       SERVED BY= XXX  DATE SERVED= 09/03/04 ARREST BOOK NUMBER=
WIN/W0502669



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*General Supervision Branch "IIB"*

| | |
|---|---|
| **Offender Name:** | **Raphael Trice** |
| **Docket Number:** | **F11764-92 BC** |

**PDID Number:    255-066**

The following sanction(s) were imposed prior to writing the violation report:

☐ Daily supervision check-in for 5 working days.

☐ Increased drug testing 2 times per week/CIT assessment.

☐ SCSO Conference/Reprimand

☐ Attend daily sanctions group for 2 weeks.

☐ Increased Supervision
___Med ___Max ___ Intensive

☐ Electronic Monitoring
___ 30 days or more (_____)

☐ 7 days residential sanctions facility (Halfway Back)

☐ 14 days residential sanctions facility (Halfway Back)

☐ Continued stay at residential sanctions facility
for up to ___ 30 ___60 ___ 90 days
(Halfway Back).

☐ Placement in inpatient treatment as
warranted by substance abuse assessment.

☐ Other _____.

☒ **No Sanction(s) Imposed State Reason:**
Offender has been in compliance.  Offender will be sanctioned once released from DC Jail.

**Loss of Contact Procedures Followed:**

☐ Telephone Call to Offender ☐ Home Visit Conducted ☐ Certified Letter Sent ☐ Record Check ☐ Collateral Contacts

**SCSO Review**

☒ Sanctions imposed and/or loss of contact procedures followed.

☐ Sanctions not imposed appropriately and/or loss of contact procedures not followed.  Case returned to CSO with the following instructions:

_____

SCSO Signature                                        9/3/04
                                                        Date

*Revised January 15, 2002*

*3850 South Capitol Street, SE, Washington, DC 20032*
*Voice: (202) 585-7600   Fax: (202) 585-7675*

4381

| METROPOLITAN POLICE DEPARTMENT Washington, D.C. ARREST / PROSECUTION REPORT | 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME (DC NO, DD Only) | | 2. ID NUMBER (DD Only) |
|---|---|---|---|
| P.D. 163 Rev. 6/94    G.O. 401.5 | | | ☐ 455-066 |
| 5. UNIT – ARREST NO. 07 04 0453 | 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (DD Only) | | 4. CID NUMBER |
| | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) TRICE, RAPHAEL SYLVESTER SR. | | 7. DEA LAB NUMBER |
| 8. ARRESTING OFFICER'S NAME Whittington, Tammy | 10. NICKNAME / ALIAS ☐ "Poo" | | 11. PHONE NUMBER none |
| RANK    BADGE#    AGENCY Officer    2032    MPD | 12. COURT DATE 9/3/04 | 13. ADDRESS (Include Room / Apt. No. & State if Outside D.C.) ☐ 1617 17th Street, Southeast, apartment 303 | 14. TIME IN D.C. life |

| 15. ☐ CHILD ABUSE  ☐ GANG SPECIAL INTELLIGENCE  ☐ HATE CRIME  ☐ SENIOR CITIZEN  ☐ DOMESTIC VIOLENCE | 16. SEX ☐ Male | 17. RACE ☐ Black | 18. BIRTHDATE ☐ ███75 | 19. SOCIAL SECURITY NUMBER ████4657 |
|---|---|---|---|---|
| 20. NEED INTERPRETER ☐ Yes  ☐ No | 21. HGT 5'1-" | 22. WGT 140lbs | 23. HAIR Black | 24. EYES Brown | 25. COMPLEX Medium | 26. PERMIT NO. / STATE none | 27. BIRTHPLACE (City & State) Washington, D.C. |

| 28. CO-DEFENDANTS: Number (If more than 3, list on back) NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? ☐ MALE  ☐ FEMALE | 30. ETHNICITY | 31. CAUTION |
|---|---|---|---|
| 1. | 32. SCARS / MARK / TATTOOS none | | |
| 2. | 33. HAT / | 34. JACKEY / black jeans | 35. PANTS |
| 3. | 36. COAT / | 37. SKIRT / white t-shirt | 38. SKIRT / DRESS |

| 39. WALES / NCIC CHECK | | |
|---|---|---|
| CHECK MADE BY (Name) Detective P. Moore | NCIC NUMBER 57888 | WARRANT ON FILE (If Yes, enter Warrant Number(s). ☒ Yes  ☐ No |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt. No.) ☐ Front of 3906 Wheeler Road, S.E., WDC | DATE OF OFFENSE ☐ 8/30/04 | TIME OF OFFENSE ☐ 3:50 p.m. |
|---|---|---|
| 41. LOCATION OF ARREST (Exact Address, include Room / Apt. No.) ☐ 4022 First Street, Southeast, #B304 | DATE OF ARREST ☐ 9/2/04 | TIME OF ARREST ☐ 12:20 p.m. |
| 42. ASSISTING OFFICER'S NAME, BADGE NO. & UNIT OR AGENCY ☐ Griffin, C 1132 7th District, MPD | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | |

| 43. DEFENDANT ADVISED OF RIGHTS | | | | |
|---|---|---|---|---|
| DATE 9/2/04 | TIME 3:20 | LOCATION 7th District | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47a Phillipe Moore | BADGE NO. D-1-30 | UNIT 7th District |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit)    ☐ MORE  ☐ See Back | | | | |
|---|---|---|---|---|
| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
| W-1 Harper, ████████ | ████████████ | ████████ | see case file | |
| W-2 | | | | |

| 45. SPEC. OPS | 46. TACTICS 11 | 47. PREMISES 6 | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|---|

| 49. | CHARGES | NCIC OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLATERAL / BOND RECEIPT NO. |
|---|---|---|---|---|---|
| 1. | ADW GUN | USW97504 | 120-710 | | |
| 2. | | | 120-822 | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| 50. PROPERTY RECOVERED / ITEMS OF EVIDENCE | | 51. INITIALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| PROPERTY BOOK/PAGE NO. | CSES NUMBER | | |
| | | 52. M.O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |
| 54. | | | |
| 57i | | / TATTOOS | |
| | | AGE _2_ ONLY    PAGE 1 | |

REVERSE CARBONS

## 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1)

| FROM · DATE | TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|---|
| 1. | | Unemployed | | | |
| 2. | | | | | |

## 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES  [Begin with immediate family]

| RELATIONSHIP | DOB / AGE | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| Uncle | unknown | Trice, Dwight Sr. | 4022 First Street, S.E., #B304 | 202 561-5167 |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH / DATE (FROM - TO) | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| None | ☒ Yes  ☐ No  ☐ Refused | 202 563-2337 |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' names or addresses. REFER to them as W1 or W2, etc., as indicated in Item 31).

On Monday, August 30, 2004, members of the Seventh Patrol District received a radio assignment for the reported man with a gun Upon members arrival on the scene, officers located the complainant. The complainant related that after a verbal dispute with the defendant, the defendant produced a handgun and pointed it directly at her and her friends. After pointing the gun at them, he drove off.

On August 30, 2004, several hours after the first offense, the complainant and a friend were driving in the 1200 block of Savannah Street, Southeast. While they were stopped at a stop sign, the defendant drove pass in a green vehicle. He drove past them and made a u-turn, parking his vehicle at an angle, impeding their path. The defendant then shot twice at them, before the complainant and her friend drove away. As the complainants fled, the defendant pursued them and shot at them once. The complainants escaped unharmed and drove to the Seventh Patrol District, where they informed an off-duty police officer.

On September 1, 2004, an affidavit in support of an arrest warrant was signed and issued by a District of Columbia, Superior Court Judge charging the defendant with Assault with a Dangerous Gun, U.S. Warrant #975-04

On September 2, 2004, the defendant was placed under arrest and transported to the Seventh District, where he was advised of his rights.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his / her whereabouts at the time of offense? Use PD 119 for defendant's written statement)].

| 62. RECORD CLERK'S NAME | | 3. | 5. | 64. PROPERTY BOOK / PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| **63. ARREST RECORDS SUMMARY** | | 4. | 5. | |
| 1. | 2. | | 6. | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his / her failure to appear?  ☐ YES  ☐ NO  (If yes, include in Defendant's Version / Remarks Section above).

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|
| Phillpe Moore | 30 | D1 | Joseph P. Thoma |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT | DATE | |
| Phillip Moore | 7th District | 9/2/04 | OSD MPD PD    DATE 9/2/04 |

**PLEASE PRINT FIVE (5) COPIES OF PD 163**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name.............................. Trice, Raphael

Reg. No ........................... 04177-000
DCDC No. ..................... 257-399
FBI No ............................ 512 952 XA7
Birth Date ................... ████ 1975
Race .............................. Black

Date............................................ September 15, 2004
Termination of Supervision ..... 11/13/2007
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ......................... 9/3/2004
Released .................................. 7/13/2000

Sentence Length............ 15 years
Original Offense ........... **Assault With Intent to Rob While Armed, Possession of a Firearm During A Crime of Violence**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation -- a) Assault With a Dangerous Weapon b) Felon in Possession of a Firearm.** On 8/30/04, the releasee engaged in a verbal dispute with the victim, produced a handgun, pointed it at her and her friends and then drove away. Hours later the releasee blocked the victim's car and shot at them twice. The releasee then followed as the victim fled in her vehicle and shot at her once more. The releasee was arrested by MPD for the above-cited offenses on 9/2/04. This charge is based on the information contained in the violation report dated 9/3/04 from supervising officer Liasia Fenwick and a police report dated 9/2/04. Status of Custody/Criminal Proceedings: The releasee is being held without bond.



EXHIBIT
4

Trice, Raphael
Reg. No. 04177-000    DCDC No. 257-399



EXHIBIT 4

a) I ADMIT [   ] or DENY [   ] this charge.
b) I ADMIT [   ] or DENY [   ] this charge.

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................... September 15, 2004

**Jordana Randall, Case Analyst Trainee**
**U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit XI, 3850 South Capitol**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Trice, Raphael**

Reg. No. ..........................: **04177-000**

Type of Release .............:**Parole**

Full Term Date When Warrant Issued..: **11/13/2007**

Date Warrant Executed.: 10/12/04

Hearing Date........: 10/15/04

Examiner................: P. Howard

Supervision Officer: **Liasia Fenwick**

---

## Attorney at Probable Cause Hearing:

[ X ] PDS     [   ] Other     [   ] None

Name  H. Lebowitz

Address_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ X ] PDS     [   ] Other     [   ] Unknown

Name  Nakisha Sharpe

Address_____

Phone_____

---

## I. Items Advised *(Check that the subject has been advised of the following two rights)*:

[ X ] Advised of Right to a Probable Cause Hearing     [ X ] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}*:

[   ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [   ] At Request of Attorney/Prisoner          [   ] Prisoner Unavailable

    [   ] Other Reason:_____

[   ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

EXHIBIT 5

**Trice, Raphael**
**Reg. No. 04177-000   DCDC No. 257-399**

EXHIBIT 5

## III. Review of Charges:

**Charge No. 1 - Law Violation – a) Attempted Murder b) Assault With a Dangerous Weapon c) Felon in Possession of a Firearm.**

[  ] ADMITS        [ ✓ ] DENIES

The Subject's Response:
_NoNE.  STATUS heaning on 10/20/04_

[ ✓ ] **Probable Cause Found.** After considering the violation report dated 9/3/04, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[  ] **No Probable Cause Found**

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[ ✓ ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

[  ] **Reinstate** to Supervision  or  [  ] **Close Case** *[If expiration date has passed]*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI.  Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Liasia Fenwick
**Status:**___✓_**Approved**         _____**Not Approved**         _____**Pending Further Review**

Victim
Name: ███████ Harper
**Status:**___✓_**Approved**         _____**Not Approved**         _____**Pending Further Review**

## VII.  Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

## IX.   Revocation Hearing:

[ ✓ ] Local Revocation **or**    [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ] CTF   [ ] DC Jail   **Date:** 11/29/04   **Time:** [ ✓ ] am   [ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:** [ ✓ ] No   [ ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.   [ ✓ ] No   [ ] Yes

_____

_____
        *Attorney/Prisoner*                                      *Date*

_____

*Additional Text:*

_____
        *Examiner*                          */Date/*   10/15/14

**Disclosure Documents:** Warrant dated 9/15/04, Warrant Application dated 9/15/04, Violation Report dated 9/3/04 with attachments, Parole Certificate dated 6/21/00, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____
        *Attorney/Prisoner*                          *Date*   10-15-04

_____

**Trice, Raphael**
**Reg. No. 04177-000    DCDC No. 257-399**

U.S. DEPARTMENT OF JUSTICE
United States Parole Commission
Chevy Chase, MD 20815

Probable Cause and Revocation
Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

## PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

### Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*
The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (or had read to me) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (  ✓  ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (    ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

*Raphael Price*                    10-15-04

(Signature of Parolee or Releasee)          (Date)


## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights — Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(     ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(     ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:


*Raphael Price*            *Paul R.A. Howard*
(Signature of Parolee or Releasee)        (Signature of Hearing Examiner)

*10-15-04*                  */8/15/04*
(Date)                      (Date)

## ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
### Before The
### UNITED STATES PAROLE COMMISSION

Name: RAPHAEL TRICE    Register No. 04177-000 DCDC No. 257-399

For Probable Cause Hearing                    For Revocation Hearing

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
### CONCERNING REQUEST FOR COUNSEL

I, RAPHAEL TRICE , having been fully advised of the charges against me and of my rights as s forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Publ Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, an that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I a financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concernir assignment of counsel,

_____
*(initials)*    I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

XR.2.
*(initials)*    I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

| | employed | unemployed |
|---|---|---|
| I am | | |
| If employed, state weekly income | | $_____ |
| If self-employed, state average weekly income | $_____ | |
| Cash on hand and in bank | | $_____ |
| Number of dependents | | _____ |
| Property Owned | | _____ |

I certify the above to be correct.

*Raphael Trice*
*(Signature of Applicant and Date)*

Witness: _____    ' 10-15-04

*(Signature, Title and Date)*

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S. 1001).

Return From D.C. Public Defender Service

The above-named applicant will be represented by

*(Name and Phone Number)*

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

CORRECTED SUPPLEMENT
D.C. Code Offender

Name ................................. Trice, Raphael
Reg. No ............................... 04177-000
DCDC No. .......................... 257-399
FBI No .............................. 512 952 XA7
Birth Date ....................... ████████1975
Race................................... Black
Date................................... December 7, 2004

## CHARGES:

*Reference* Charge No. 1 - Law Violation – a) Assault With a Dangerous Weapon (Gun). On 8-30-04, the releasee engaged in a verbal dispute with the victim, the mother of his child, then got into his car and pointed a handgun at her before fleeing the scene. The releasee was arrested by MPD for the above-cited offense on 9-2-04. On 10-26-04, the releasee was convicted by D.C. Superior Court for the above-cited offense and is awaiting sentencing. This charge is based on the information contained in the violation report dated 9-3-04 from supervising officer Liasia Fenwick, a police report dated 9-2-04, and fax dated 11-3-04. Status of Custody/Criminal Proceedings: The releasee is awaiting sentencing.
I ADMIT [   ] or DENY [   ] this charge.

Charge No. 2 - Law Violation – a) Assault With Intent to Commit Serious Bodily Injury b) Felon in Possession of a Firearm. On 8-30-04, hours later the releasee blocked the victim's car and shot twice. The releasee then followed as the victim fled in her vehicle and shot at her once more. The releasee was arrested by MPD for the above-cited offense on 9-2-04. This charge is based on the information contained in the violation report dated 9-3-04 from supervising officer Liasia Fenwick and a police report dated 9-2-04. Status of Custody/Criminal Proceedings: The releasee is awaiting sentencing in Charge No. 1.
I ADMIT [   ] or DENY [   ] this charge.

Warrant Issued ........... September 15, 2004
District Sent To .......... General Supervision Unit XI

Warrant Recommended By:

Jordana Randall, Case Analyst Trainee
U.S. Parole Commission

Trice, Raphael
Reg. No. 04177-000    DCDC No. 257-399
Warrant Application Supplement
Page I
Queued: 12-07-2004 11:44:10 USM-District of Columbia - District Court | USPO-General Supervision Unit
XI, 3850 South Capitol |



EXHIBIT

# HEARING SUMMARY

**Name:  Trice, Raphael**                                         **Reg No:  04177-000**

## Hearing Parameters

Hearing Type ................................: **Revocation (Local)**

Hearing Date ................................: 3/2/05

Examiner .......................................: Gregory E. Price, Ph.D.

Institution .....................................: D.C.-Correctional Treatment Facility

Second Designation .....................: Unknown

## Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 9/1/2009

Full Term Date.............................: 2/11/2012

Months in Custody.......................: 6 as of 3/2/05

Detainer........................................: None

## Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: CSOSA – Washington, DC

Warrant Execution Date...............: 10/12/04

Probable Cause Date....................: 12/7/04

**Additional text regarding the above parameters:**  None.

---

**Prior Action:**  Please see Local Revocation Prehearing Assessment dated 10/28/04.

**Counsel:**  Kisha Sharpe Winston, PDS
633 Indiana Avenue, NW
Washington, DC 20004

**Witnesses:**  Liasia Fenwick, CSO; ██████████ Harper (the victim), █████████████████████
Ms. Rebecca Trice, 2201 Savannah Street, SE, Apt. 19, Washington, DC 20020; Ms. Adrian Trice, 4022 First
Street SE, Apt. 304, Washington, DC.

Ms. Rebecca Trice is the grandmother of the offender. She described her grandson as gentle, kind-hearted, and
personable. She believes that he has adjusted well during this period of supervision. Ms. Trice appeared to be a
bit confused today. She did not appear to know the charges that her grandson has received in the past as well as
the charge he faced today, but she still contended that her grandson is a changed man.

Trice, Raphael, Reg. No. 04177-0██  Page 1 of 4       

EXHIBIT
6

Ms. Adrian Trice is the Aunt to the offender. She stated that he is a nephew and that he talks to her son about staying in school and not selling drugs. She stated that he is very close to his family, especially his young son. She believes that her nephew is not dangerous to society.

**Procedural Considerations:** None.

**Charges:**

**Charge No. 1 - Law Violation - (A) Assault with a Dangerous Weapon (Gun).**
  **Evidence Presented:** The subject admitted the above charge. The subject stated that as he was driving, he noticed his victim, Ms. Harper, with two men smoking marijuana in the presence of his son. An argument ensued. According to the subject, the two men then flashed a gun on him. He felt threatened. He denied that he pointed the gun but he said that he simply lifted his shirt up to display the handle of the 9-millimeter weapon he had in his possession. The subject then stated that he got into the car and left. He stated that he phoned Ms. Harper's mother to tell her to take her baby into the house. He claims that he has had problems with Ms. Harper because of issues over visitation rights and, as a result of his getting this charge, he has lost his residence, job and, of course, his freedom.

Ms. ███████ Harper was sworn in. She stated that on 5/30/04, she and Mr. Trice had had an altercation. She stated that she had been at one friend's house and that Mr. Trice was riding up and down the street. She went to another friend's house. When Mr. Trice saw her talking to a man in a car, he asked for his son. He then walked to the house where she was visiting and although she asked him to leave, he would not leave. When the homeowner directed him to leave the premises, he went towards his car. One of the young men shouted "He has a gun!" She said that she saw the gun and that she phoned the police. The police arrived and asked her questions about the situation. Ms. Harper stated that after the police left, Mr. Trice drove back up the street. She stated that she took her son home and went back to where she had been previously. She stated that while at the home of the friend, she became hungry; another male at the home said that he too was hungry, and they decided to go get something to eat. She indicated that they drove up Wheeler Road and came to a stop sign. At that point, a car came around them and she noticed that it was Mr. Trice. According to Ms. Harper, he pulled out a gun and started shooting. After recovering from dodging bullets, the driver drove to the 7th District Police Station. Prior to their going to the 7th District, Ms. Harper reported that she grabbed her cell phone and called her mother reporting that Mr. Trice had been shooting at her. Later, she stated that Mr. Trice came around again and shot again. He drove past the police station and then drove away. She stated that he was in a small green car while his own car was a blue Crown Victoria. She stated under cross-examination that she saw his face, that she had known Mr. Trice for a little more than 2 years. She stated that he has never hit her in the past and that, other than fussing, he never acted out. Ms. Harper stated that she left the District of Columbia because of these incidents, and that she has not had any contact with Mr. Trice since the incident.

Under cross-examination, Ms. Harper stated that the first incident occurred off of Wheeler Road, and the second incident occurred on Savannah Street. She stated that there must have been about six people near the home out front of the building when the subject drove up initially. The defense has stated earlier that everyone was smoking marijuana. Ms. Harper stated that no one was smoking at the time that Mr. Trice arrived. She stated that the arrest occurred during the daytime with the Wheeler Road incident. She could not explain why she phoned her mother rather than the police, but she did say that they were approximately seven minutes away from the 7th District Police Station, and that's where they went after having been shot

**Trice, Raphael, Reg. No. 04177-000**                              **Page 2 of 4**

at. The windows in the vehicle (that the subject was driving) were not tinted and she stated that she clearly saw the shooter's face. She stated she perhaps viewed his face for less than a minute.

The attorney for the offender made efforts to paint a picture that Ms. Harper may have contrived the tale about the subject shooting at her to weaken his case in a custody battle for their son. She related that these two parties have filed civil cases against one another for the past 6 months to a year. The attorney pointed out that at the most critical point in this process, that Mr. Trice did not appear for a court hearing which apparently allowed Ms. Harper to take her son to Mississippi where she now lives. She stated that she and her attorney went scheduled to go to court the day before the subject was arrested, but she did not go. On continued questioning by the attorney, Ms. Harper stated emphatically "He shot at me. He tried to kill me. He tried to end my life."

The subject's attorney suggested that the shooter in the car may have only intended to intimidate the driver rather than hurt her or the driver, given the car was not damaged and no one in the car was hurt. This examiner pointed out to her that the lack of damage or harm may have been a function of the shooter not being a very good shooter, especially in a moving vehicle.

The subject has denied being in the green vehicle shooting at Ms. Harper, his son's mother. This examiner is more inclined to believe Ms. Harper, first, given the subject's history of assaultive behavior with a weapon and secondly, the subject admittedly had a gun in his possession earlier during that day. This examine believes that the subject would be inclined to use the gun as his records indicates in the past. If the victim had fabricated this tale for the purpose of insuring that she would be granted custody of the couple's son, then there would not have been any need for her to fly in from the State of Mississippi to testify at this hearing. This is the case, given she already has physical and legal custody of their son. This examiner believes that Mr. Trice did utilize the gun. It may very well be that he was attempting to scare the male driver from relating to Ms. Harper or, as suggested earlier, he may not be a very good shooter.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** The testimony of Ms. Harper.

**Discipline:** None.

**Release Plans:** The subject indicated at today's hearing that he intends to reside at 4201 Gorman Street SE, Washington, DC 20020 with his great aunt.

## Guideline Parameters

**Severity Justification:**   Category Five because it involved an Assault with a Dangerous Weapon.
**Salient Factor Score:**   7.
**Re-parole Guideline Range:**.............. 36-48

**Evaluation:** In this case, it appears that the subject had been utilizing weapons even though he is on parole and that the subject has taken the liberty to fire weapons at his former girlfriend, Ms. Harper. The subject's explanation for carrying weapons is that there were men threatening him in the community where the first incident took place and yet, rather than avoid that area, he chose to drive over, get out of his car and increase the possibility of problems occurring with these men. This offender was originally convicted of Assault With Intent

To Rob While Armed, and Possession of a Firearm During a Crime of Violence, neither offense very different from his current charges. The subject needs to be held accountable for his violent acting out so that the community can be more secure.

**Recommendation:** Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on 9/1/07 after the service of 36 months.

**Conditions:** Special Drug Aftercare and Anger Management Program.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**Executive Reviewer's Comments:** Denton 3/15/05

I disagree with the examiner rating this offense as a Category Five for Assault with a Dangerous Weapon. The prehearing assessment rated the offense as Category Seven for Assault with Serious Bodily Injury Intended. I agree with Category Seven. Trice fired multiple shots at the vehicle at the vehicle that the victim was riding in. In addition, the victim stated that subject shot at the vehicle that she was riding in twice. He came around once and fired shots, the victim went to the police station and reported the incident. After the victim left the station, subject came around again and fired shots at her vehicle. Although the attorney stated that the shooter may have only intended to intimidate the victim since the car was not damaged and no one in the car was hurt. The examiner pointed out that the lack of damage or harm could have been a function of the shooter not being a good shot, especially in a moving car. I agree that the lack of damage or injury was most likely the result of the shooter being unable to hit the vehicle or occupants since both cars were moving. In addition, during the original offense, the subject shot the victim in both arms and chest when the victim did not respond as the subject requested. Based on Trice's history of using weapons and that he fired multiple shots at the victim twice, these circumstances are sufficient to find that serious bodily injury was the result intended. The guidelines for Category Seven are 64-92 months. Trice will be released to mandatory parole after service of 60 months, below the guideline range. It is recommended that he be continued to expiration.

GEP/PAH
March 7, 2005

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: TRICE, Raphael
Register Number: 04177-000
DCDC No: 257-399

Institution: D.C.-CTF

Date:    March 18, 2005

As a result of the hearing conducted on March 2, 2005, the following action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Deny re-parole. Continue to expiration.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation : (a) Assault With a Dangerous Weapon (Gun)

Basis for the above stated finding(s): The testimony of Mrs. Harper.

## REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved assault with serious bodily injury intended. Your salient factor score is 7. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of March 2, 2005, you have been in confinement as a result of your violation behavior for a total of 6 month(s). Guidelines established by the Commission indicate a customary range of 64-92 months to be served before release. After review of all relevant factors and information, a decision below the guidelines is required because your mandatory release date limits the time you will serve to less than the bottom of the guideline range. A decision further below the guideline range is not found warranted.

In addition, you have also been scheduled for a review hearing during March 2007.

Clerk   ADC

**EXHIBIT 7**

EXHIBIT
7

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave., N.W., Rm 1400
        Washington, D.C. 20001
        Attn: Karen Brown

        K. Sharpe Winston
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

2      A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

1      B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

3      C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

1      D - Recent commitment free period (three years)
       No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0      E - Probation/parole/confinement/escape status violator this time
       Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0.

0      F - Older offenders
       If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

7      **Salient Factor Score (SFS-98)** (sum of points for A-F above)

| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

U.S. Department of Justice                                    **Notice of Action on Appeal**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  Trice, Raphael                            Institution:  Petersburg FCI-Med

Register Number:  04177-000                      Date:      June 23, 2005

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Decision dated March 18, 2005 Affirmed, in part, but remanded for reconsideration of the release date.
Schedule for a special reconsideration hearing on the next available docket at your institution.

**REASONS:**

The decision to revoke your parole and the calculation of your parole guidelines is affirmed.  The Board is
remanding your case pursuant to 28 C.F.R. Sec. 2.75(e) and 28 C.F.R. Sec. 2.28(f) on the basis of new
information regarding your new sentence of 30 months imposed on March 3, 2005, for the offense of
assault with a dangerous weapon. The purpose of the remand is to reconsider the release date set in your
case in light of your consecutive sentence.

The issues raised in your appeal are addressed below.

You contend that your offense behavior was incorrectly rated Category Seven and should have been rated
Category Five.  The Board has considered your claim but finds that no error was made in the Commission's
determination to rate your offense behavior Category Seven.  Your offense behavior was rated Category
Seven because you committed assault and serious bodily injury was the result intended.  Your actions in
firing a weapon at the victim fall within the Commission's definition that serious bodily injury was the
result intended.  28 C.F.R. Sec. 2.20, Chapter Thirteen, Subchapter B, Note 17.

Although you challenge the Commission's finding that you fired your weapon at the victim, the Board finds
no error in the Commission's determination pursuant to 28 C.F.R. Sec. 2.19 (c).  You admitted that you
possessed a weapon and you pleaded guilty to assault with a dangerous weapon.  Your denial of the offense
behavior was weighed against the testimony of the victim.  The victim testified at the parole hearing that
you not only pointed the weapon at her but that you fired several shots at her in her vehicle.  The victim's
testimony was found to be credible in that her statements during the parole hearing were consistent with the
report she initially gave to the police.

You seek an advancement in your release date based on grounds of compassion.  Since your case is being
remanded to reconsider your release date, you may raise these mitigating circumstances during your
reconsideration hearing.

All decisions by the National Appeals Board on appeal are final.

Cc:

---

Trice 04177-000                                    -1-                          Clerk:  PWM
Queued: 06-23-2005 10:47:31 BOP-Petersburg FCI-Med [

**EXHIBIT**
4

EXHIBIT
8

## HEARING SUMMARY

**Name: Trice, Raphael**                                        **Reg No:  04177-000**

### Hearing Parameters

Hearing Format ............................: **In Person**

Hearing Type ...............................: **Special Reconsideration**

Hearing Date ...............................: 8/26/05

Examiner......................................: Phyllis R. Baker

Institution ....................................: Petersburg FCI-Low

### Sentence Parameters

Sentence Type..............................: **DC Parole Eligible**

MR/Statutory Release .................: 3/9/2010

Full Term Date.............................: 2/11/2012

Months in Custody........................: as of

Fines/Restitution/Assessment ......: None

Detainer........................................: None

**Additional text regarding the above parameters:** This examiner confirmed the release date of 3/9/2010 with the Bureau of Prisons as it is noted that the mandatory release date during the Revocation Hearing was identified as 9/1/09.

After conversation with the subject regarding his time, he maintained that he had not been given credit from 9/2/04, his arrest date. However, a review of the sentence computation shows that subject was given jail credit of 40 days between 9/2/04 and 10/11/04. This jail credit is granted on his new law sentence of 30 months as imposed on 3/3/05. The subject seemed to understand that he could not get credit twice for the one term of jail custody however, it is considered towards guideline credit.

The subject was also under the impression, as noted on the NOA dated 6/23/05 that he could  raise mitigating circumstances during this reconsideration hearing. However, what the subject was prepared to present was information that he acknowledged was presented at the Revocation Hearing. The subject's intent was to provide his testimony, which will conflict with the testimony of the victim. When questioned as to whether or not this testimony had been previously given, the subject advised that it had. It is the subject's belief that the examiner at the hearing rated the offense severity Category as a Five as opposed to a Seven based on this information that was presented. It is subject's intent to have the offense severity decreased from a Category Seven to Category Five. In addition to his own statements, the subject possessed a court transcript, which provided testimony of the officer. He noted that the arresting officer was not present at the revocation hearing and that his testimony, per the transcript, would diminish the severity of the offense. This examiner referred subject to the appeal process as this new information is appropriately handled as an appeal because his parole has already been revoked. Subject also plans to present information pursuant to an appeal, to show that he is a better parole risk than indicated by the SFS of 7.  After this examiner explained to subject that his mandatory release, previously 9/1/09, has been changed to 3/9/2010, this examiner let the subject know that a continue to expiration recommendation was likely made because the time remaining was less than the reparole guideline range of 64-

**Trice, Raphael, Reg. No. 04177-00**    DEPOSITION EXHIBIT 9    Page 1 of 3    **EXHIBIT** 9

92 months. It is this examiner's belief that the subject would have been sentenced within the reparole guideline range if he had that time remaining. Based on the new computation, this examiner can recommend a sanction within the reparole guideline range.

## Prior Action & Institutional Factors

**Prior Action:** See Prehearing Assessment dated 8/11/05 and the Hearing Summary dated 3/3/05.

**Codefendants:**

**Representative & Representative's Statement:** Appearing at today's hearing was Case Manager Greg Ellmore who was sitting in to answer questions but, not formally as a representative.

**Prisoner's Statement:**

**Discipline:** None.

**Program Achievement:** None.

**Release Plans:** The subject will release to a consecutive non-parolable term. This examiner did not inquire further about his release as represented in the Hearing Summary dated 3/2/05.

## Guideline Parameters, Evaluation & Recommendation

**Evaluation:** Raphael Trice has been in continuous custody for 12 months as of 9/1/05. During the hearing, he expressed concern that he had not received credit from being incarcerated since 9/2/04. This examiner reviewed the NOA dated 3/18/05, which specifically stated that he had been in confinement a total of 6-months as of 3/2/05, which credits him for time since September 2004. The subject was more focused on a rehearing of his local revocation hearing as opposed to how his new sentence impacts the previous decision. It is subject's intent to inform the Parole Commission that an offense severity of Seven is inappropriate in the violation offense and that an offense Category of Five is more appropriate. The subject showed paperwork that he had to continue with his appeal and this examiner informed subject that an appeal would be the best way to handle the outcome of the parole revocation hearing and that it was not the intent of today's hearing to retry the Revocation Case. The subject also showed a supplemental warrant application that gave both Charges 1 and 2. It is noted that the hearing summary made to reference Charge No. 2 that was included on the supplemental warrant application. This supplement charged Assault with a Dangerous Weapon with Intent to Inflict Bodily Injury and that is subject's contention.

Because Subject has been sentenced to 30 months for the same criminal behavior that was considered at the Revocation Hearing, the Commission must credit Subject with the time that he will serve on the consecutive sentence. It is estimated that he will serve approximately 25 additional months after his release from the parole violator term. Thus, the previous decision to Continue to Expiration (CTE) would require the service of approximately 91 months towards the guidelines (64 to 92 months). NOTE: When the previous CTE decision was made, Subject was 60 months from the mandatory release date of 9/1/09. At this hearing, the MR date was changed to 3/9/2010 (66 months). This Examiner has subtracted 25 months (time to serve on new sentence) from 66 months (length of time to new MR date) and determined that subject should reparole from the violator

**Trice, Raphael, Reg. No. 04177-000**

term after service of 41 months. He will parole to the consecutive term, which will provide the total of 66 months in custody, which is within the reparole guideline range of 64-92 months.

**Recommendation:** Continue to a presumptive parole on 2/1/08 to the consecutive non-parolable term, this requires service of 66 months.

**Conditions:** N/A.

**Statutory Interim Hearing:** August 2007.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

[Signature]

PRB/PAH
September 11, 2005

**Executive Reviewer's Comments:** Pinner: 09/20/05: I disagree with the recommendation of total service of 66 months and recommend that the subject be continued to expiration, which requires the service of 91 months on the violator term plus consecutive sentence.

The reparole guidelines are 64-92 months. The Commission's policy for parole violators with new criminal conduct is to recommend release in the upper half of the guideline range. I find no reason to support a release at the bottom half of the guidelines. This inmate, who was on parole for shooting a victim during a robbery, fired shots at the victim while she was in her car. Based on the risk that the subject's present for assaultive conduct with a weapon, I recommend a release at the top of the guidelines. The subject will serve 91 months on the violator term and the new law sentence, therefore, I recommend no change in the previous decision to continue the subject to expiration.

REASONS: The purpose of the special reconsideration hearing was to determine whether or not the Commission's previous decision to continue you to the expiration of your sentence should be modified based on the fact that you have now received a 30 month sentence for the violation behavior. A decision to continue you to expiration on the violator term, plus service of the 30 month sentence currently lodged as a detainer, requires total service of 91 months, which is a decision in the upper half of the guideline range. Based on the fact that you were on parole for an offense in which you fired a weapon and injured a victim during a robbery, and your violation behavior involved firing a weapon at a victim while she was in her vehicle, a decision at the upper range of the guidelines is warranted.

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: TRICE, Raphael                          Institution: Petersburg FCI-Med
Register Number: 04177-000
DCDC No: 257-399                              Date:      September 27, 2005

---

As a result of the hearing conducted on August 26, 2005, the following action was ordered:

Continue to expiration. You shall be subject to the highest level of supervision.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall participate in and complete anger management counseling as directed by your Supervision Officer.

In addition, you shall be subject to the Global Positioning Systems monitoring inclusive of a curfew and/or exclusion zones as determined by your Supervision Officer.

**REASONS:**

Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved assault in which serious bodily injury was the intended result. Your salient factor score is 7. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of September 2, 2005, you have been in confinement as a result of your violation behavior for a total of 12 month(s). Guidelines established by the Commission indicate a customary range of 64-92 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

The purpose of the special reconsideration hearing was to determine whether or not the Commission's previous decision to continue you to the expiration of your sentence should be modified based on the fact that you have now received a 30-month sentence for the violation behavior. A decision to continue you to expiration on the violator term, plus service of the 30 month sentence currently lodged as a detainer, requires total service of 91 months, which is a decision in the upper half of the guideline range. Based on the fact that you were on parole for an offense in which you fired a weapon and injured a victim during a robbery, and your violation behavior involved firing a weapon at a victim while she was in her vehicle, a decision at the upper range of the guidelines is warranted.

In addition, you have also been scheduled for a review hearing during August 2007.

---



EXHIBIT
10



*EXHIBIT* 10

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.



cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 2 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 1 | D – Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time.<br>Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 7 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age: | Prior Commitments | | |
| | 0-1 | 2 | 3+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action on Appeal**

---

Name: Trice, Raphael                    Institution: Petersburg FCI-Med

Register Number: 04177-000              Date:    December 23, 2005

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS**:

You contend that your parole violation behavior should not be rated Category Seven because you claim that the Commission had insufficient evidence to support its decision. This issue was raised and addressed in your prior appeal. The Board found that your behavior was correctly rated Category Seven and found that the evidence in the record supported the Commission's finding.

You contend that there are mitigating circumstances in your case warranting a more lenient decision. You contend that you do not have many prior convictions, that you do not have a violent history and that you have support from the community. Although you do not have numerous criminal convictions in your background, your record indicates, contrary to your contention, that you do have a history of committing violent offenses. Your previous convictions involve assault with intent to rob while armed and possession of a firearm during a crime of violence.

You contend that the decision to set a release date above your guidelines amounts to double counting. The Board finds no merit to your contention. The decision in your case is not above your guidelines. Your guidelines were calculated as 64-92 months. The Commission's decision to continue you to the expiration of your sentence plus the time that you will have to serve on your consecutive sentence is approximately 91 months. This is a decision within your guidelines.

You contend that the Commission incorrectly applied federal guidelines in your case. The Board finds no merit to your contention. The Commission applied the regulation at 28 C.F.R. Sec. 2.105(b) for District of Columbia parole violators which instructs the Commission to apply the guidelines at Sec. 2.81 for reparole decisions.

Finally, you contend that you were not granted credit against your guidelines for the time that you have spent in custody since September 2004. The Board finds no merit to your contention. The Notice of Action states that as of September 2, 2005, you had been in confinement a total of 12 months as a result of your violation behavior.

All decisions by the National Appeals Board on appeal are final.

---



