UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
SEP 27 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAPHAEL S. TRICE,  )
    PLAINTIFF,  )
              )
              )
V.  )  Civ. No.1:07-cv-00912(JDB)
              )
UNITED STATES PAROLE COMMISSION,  )
    DEFENDANT.  )
_____  )

### PLAINTIFF's REPLY TO DEFENDANT's MOTION TO DISMISS or, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Now Comes the Petitioner, Raphael S. Trice, proceeding pro se, and pursuant to the Order dated 9/12/07, hereby submit the following reply. A memorandum of Points and Authorities, and a proposed order granting the relief sought are attached hereto.

### ARGUMENT

Plaintiff's claims under the Privacy Act against the Parole Commission should be granted.

**A. Plaintiff is entitled to present his claim under the Privacy Act, rather than a petition for a writ of habeas corpus.**

Plaintiff brings this Privacy Act damages suit in lieu of pursuing the usual avenue to gain judicial review concerning the inaccuracies in the "PSI" report relied upon by defendant. The defendant alleges that the plaintiff is challenging the duration of his confonement. Contrary, the plaintiff is not challenging the duration of his confinement. The plaintiff is seeking damages under the Privacy Act based on the inaccurate information in the Commission files. Even assuming arguendo-that plaintiff is challenging the duration of his confinement-Under 42 U.S.C. section

-1-

1983, a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by the Constitution or Federal laws. See Fletcher v Reilly, 370 F.3d 1223,1227(D.C.2004). In Fletcher, the Court of Appeals held "Parole Commission acts under color of state law when dealing with a D.C. prisoner pursuant to the D.C. Revitalization Act." In the case at bar, plaintiff is seeking damages because he was deprived of a constitutional or federally created right. A prisoner seeking damages for deprivation of constitutional or federally created rights may properly bring suit only under §1983. See Preiser v. Rodriguez, 411 U.S. 475,499(1973); also Dewalt v. Carter, 224 F.3d 607,617(7th Cir. 2000)(§1983 claim proper because prisoner sought relief regarding confinement conditions, not release from custody). The plaintiff herein is not seeking release from custody under this claim.

Therefore, the defendant's motion is without merit.

**B. The Parole Commission did not comply with 5 U.S.C. §552a(e)(5) by failing to maintain accurate information in its file.**

Plaintiff requests monetary relief based on the Parole Commission's violation of the Privacy Act resulting in an adverse determination made in his case. Title 5 U.S.C. §552a(e)(5) of the Privacy Act requires that an agency maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. The Privacy Act provides civil remedies at 5 U.S.C. §552a(g) for violations of §552a(e)(5) of the Act. Section (g)(1)(C) provides that an individual may bring a civil action against an agency which "Fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness...." Section (g)(4)

of the Act provides for civil remedies if the plaintiff can show that the agency willfully or intentionally failed to maintain a record that resulted in an adverse determination. Here, the defendant failed to comply with its obligation to maintain accurate information in the "PSI" report when the plaintiff contested the inaccurate information in the file. Thus, there is no language in Administrative Procedure Act exempting United States Parole Board, created by Congress in Department of Justice, from its application. See King v. United States, 492 F.2d 1337(7th Cir. 1974). Court-generated documents, such as presentence reports, are agency records if they are in possession of agency and prepared substantially to be relied upon in agency decision making. Barry v. Dept. of Justice, 733 F.2d 1343(9th Cir.1984). Moreover, each Federal agency that maintains system of records is required to maintain records...assure accuracy, relevance, timeliness and completeness as reasonably necessary to assure fairness...responsibility for insuring that information is accurate, relevant, timely and complete lies with receiving agency which is one making determination.... Perry v. F.B.I., 759 F.2d 1271(7th Cir.1985). The Parole Commission is not exempt from amending the PSI report because it is in the custody of the U.S. Parole Commission which constitutes "agency record." See Lynkins v. United States Dep't of Justice, 725 F.2d 1455(D.C. Cir.1984). Therefore, plaintiff's claim under the Privacy Act should be granted upon which relief.

## CONCLUSION

For the foregoing reasons, the complaint should be granted and upon which relief is sought.

Respectfully Submitted,

Raphael J. Price

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL S. TRICE,        )
                         )
        PLAINTIFF,       )
                         )
                         )
                         )   Civ. No. 1:07-cv-00912(JDB)
    V.                   )
                         )
                         )
                         )
U.S. PAROLE COMMISSION,  )
        DEFENDANT.       )
                         )

ORDER

Upon consideration of the plaintiff's complaint for punitive and nominal damages and the record in this case, it is hereby

**ORDERED** that the defendant's Motion to Dismiss or, In the Alternative, for Summary Judgment is dismissed.

It is further

**ORDERED** that derfendant amend the PSI report, and

It is further

**ORDERED** that defendant is liable for punitive and nominal damages in the amount requested by plaintiff.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

Cc.

Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W., RoomE-4110
Washington, D.C. 20530


Edward F. Reilly, Jr.
Chairman
United States Parole Commission
5550 Friendship Boulevard, Suite 420
Chevy Chase, MD 20815-7201