UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAPHAEL S. TRICE, | ) |
|         Plaintiff, | ) |
| v. | ) Civ. No. 07-00912 (JDB) |
| U.S. PAROLE COMMISSION, | ) |
|         Defendant. | ) |

REPLY MEMORANDUM IN SUPPORT
OF THE MOTION TO DISMISS

Plaintiff opposes defendant's motion to dismiss or, in the alternative, for summary judgment. As we explain below, the arguments advanced by plaintiff are not meritorious, and plaintiff's case should be dismissed.

Defendant's motion made three points. First, that plaintiff's damage claim was premature, since a plaintiff, who seeks damages under the Privacy Act for unlawful confinement, must first prove, via the habeas remedy, that his confinement is illegal. Second, that the Parole Commission complied with the Privacy Act by providing plaintiff with a parole hearing, where he had a fair opportunity to present his contentions about the documents in his file. The third point was that the Parole Commission is exempt from the record-amendment requirements of the Privacy Act.

Plaintiff's opposition does not address the second point, and it only in passing touches on the third point (at page 3, the opposition states that the Parole Commission is not exempt from the requirement of amending an inaccurate presentence investigation report). As explained in defendant's memorandum in support of its motion, at 7, regulations promulgated by the Justice Department have in fact exempted the Parole Commission from the record-amendment require-

ments of the Privacy Act.

Plaintiff's opposition concentrates on his contention that he should not be required to first proceed by habeas, obtaining a judgment invalidating his sentence, before filing his Privacy Act damages claim. In this regard, he relies on a case with which this Court has great familiarity, Fletcher v. District of Columbia, 370 F.3d 1223 (D.C. Cir. 2004) (Fletcher I), vacated on other grounds on rehearing, 391 F.3d 250 (D.C. Cir. 2004)(Fletcher II). Fletcher I stands for the proposition that a prisoner does not have to first petition for habeas relief where the successful prosecution of his civil claim would not automatically result in his earlier release from prison. The year after the Fletcher decisions, the Supreme Court addressed this issue in Wilkinson v. Dotson, 544 U.S. 74 (2005), which is the controlling law on the subject.

The Supreme Court in Wilkinson concluded:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation [by a habeas petition]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. at 81-82.

In the instant case, plaintiff is seeking damages from the Parole Commission. In order for such damages to have accrued, it is reasonable to assume that plaintiff must be relying on the contention that, if the Parole Commission had relied on accurate information, the duration of his sentence on his parole revocation would have been less than what was ordered by the court. Absent such a contention, plaintiff would not have sustained any damages from the alleged error in the presentence investigation report and the actions taken by the Parole Commission. Given this appropriate assumption, plaintiff must, under Wilkinson, proceed first via habeas; if the

2

duration of plaintiff's confinement is found to have been improperly computed, only then may he bring a damages action under the Privacy Act.

For the reasons set forth above and in defendant's memorandum in support of its motion, that motion should be granted, and this case dismissed.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
               /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing reply memorandum in support of the motion to dismiss to be served by first-class mail, postage prepaid, this 4th day of October, 2007, on:

>Mr. Raphael S. Trice
>No. 041777-000
>Rivers Correctional Institution
>P.O. Box 630
>Winton, N.C. 27986

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201