UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL SYLVESTER TRICE,

    Plaintiff,

    v.

UNITED STATES PAROLE COMMISSION,

    Defendant.

Civil Action No. 07-0912 (JDB)

## MEMORANDUM OPINION

In this case brought under the Privacy Act, 5 U.S.C. § 552a, plaintiff sues the United States Parole Commission for allegedly relying on inaccurate information in its file to reach an adverse parole determination. He seeks monetary damages exceeding $960,000. Defendant moves to dismiss or for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion for summary judgment.

### I. BACKGROUND

Plaintiff is serving a 15-year sentence imposed by the Superior Court of the District of Columbia on November 22, 1993. The Commission released plaintiff to parole supervision on July 13, 2000, where he was to remain until November 13, 2007. Resp't Ex. 2. In September 2004, the Commission issued a parole violator warrant based on plaintiff's arrest for assault with a dangerous weapon and felon in possession of a firearm. *Id*., Ex. 4. Plaintiff was convicted in Superior Court for the assault on October 26, 2004. *Id*., Ex. 5 at 10. On March 2, 2005, the

Commission conducted a revocation hearing at which plaintiff, represented by counsel, admitted to the assault charge but offered a version of events that made him less culpable than suggested by the victim's testimony. *Id.*, Ex. 6 at 2. The hearing examiner credited the victim's testimony over plaintiff's and recommended parole revocation. *Id.* at 3-4. The Commission adopted the hearing examiner's findings, revoked plaintiff's parole, and ordered that he serve the remainder of his sentence, which was approximately 60 months. Resp't Ex. 7.

## II. DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Privacy Act regulates how federal agencies maintain and disseminate information pertaining to individuals. It permits an individual to seek, among other relief, money damages when an agency intentionally or willfully fails to comply with the disclosure requirements "in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(C)(D), (g)(4); *Wilson v. Libby*, 498 F. Supp.2d 74, 87 (D.D.C. 2007). An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ." 5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

To prevail on a damages claim under the Privacy Act, plaintiff must establish that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination, and (3) the agency's acts or omissions were willful or intentional. *Deters v. U.S. Parole Com'n*, 85 F.3d 655, 657 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959

2

F.2d 307, 312 (D.C. Cir. 1992); accord *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination").  "An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. . . . [T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  *Deters*, 85 F.3d at 660 (citations and internal quotation marks omitted).

      Plaintiff alleges that the Commission erroneously relied on a "dismissed offense" contained in his presentence investigation report, Compl. at 7, but he does not specify the offense and his assertion is belied by the record.  The hearing examiner considered only the assault charge which plaintiff had admitted.  Resp't Ex. 6 at 2-3.  Although plaintiff disagreed with the victim's version of the circumstances surrounding the assault, he was able to provide his version of events at the revocation hearing.  Plaintiff therefore cannot demonstrate to a reasonable fact finder that the Commission acted with the requisite level of intent in order to sustain a damages claim.  *See Sellers*, 959 F.2d at 312 (If "Mr. Sellers had been found guilty of the incidents after being given an opportunity to refute the charges . . . then perhaps appellees met the requirements of the [Privacy] Act with respect to those pieces of information."); *Doe v. U.S.*, 821 F.2d 694, 700 (D.C. Cir. 1987) ("The verification steps and checks undertaken by the Department . . . rendered [the challenged document] a record maintained with the accuracy and completeness reasonably required to assure fairness to Doe.").  As the Court observed in *Doe*, "a file setting out both [versions] may be more accurate than a record embracing only one side's story."  821 F.2d at 700.  The fact that the hearing examiner reached his decision by crediting the victim's version of

the assault over plaintiff's version is not significantly probative of the claim. *See Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992) (The Privacy Act "allows for amendment of factual or historical errors. It is not, however, a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies.") (citation and internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has failed to demonstrate a genuine issue of material fact on his Privacy Act claim and that defendant is therefore entitled to judgment as a matter of law.[1] A separate Order accompanies this Memorandum Opinion.



s/
JOHN D. BATES
United States District Judge

Dated: January 15, 2008

---

[1] In light of this conclusion, the Court will not address defendant's alternative argument that before bringing a damages claim under the Privacy Act, plaintiff must first invalidate his sentence through a writ of *habeas corpus*. Nor will the Court address defendant's argument that plaintiff is not entitled to have his record amended because plaintiff does not seek such relief. *See* Compl. at 9 (Prayer for Relief).